UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JOHNATHAN WILLIAMS and
ANTHONY ARONA,

    Plaintiffs,

v.       Case No: 8:20-cv-1647-CEH-JSS

3RD HOME LIMITED, 3RD HOME
LIMITED CO. and WADE SHEALY,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Defendants move the court to determine their entitlement to attorneys' fees and costs. (Motion, Dkt. 92.) Plaintiffs oppose Defendants' Motion. (Dkts. 98, 99). Upon consideration, and for the reasons that follow, the court recommends that Defendants' Motion be denied without prejudice.

## BACKGROUND

Plaintiffs brought this three-count action against Defendants seeking to wind up Defendant 3rd Home Limited (count I); to hold Defendant Wade Shealy liable for breach of fiduciary duty (count II); and for the appointment of a receiver or custodian to preclude the misappropriation of 3rd Home's assets. (Dkt. 1.) On September 27, 2023, judgment was entered in favor of Defendants 3rd Home Limited and 3rd Home Limited Co., and against Plaintiffs Johnathan Williams and Anthony Arona as to counts I and III of Plaintiffs' Complaint and in favor of Defendant Wade Shealy and against Plaintiffs Johnathan Williams and Anthony Arona as to count II of Plaintiffs'

Complaint (Dkt. 91) on Defendants' Motion for Summary Judgment. (Dkt. 57.) On October 5, 2023, Defendants filed their Motion seeking entitlement to attorneys' fees and costs, which Plaintiffs oppose. (Dkts. 92, 98, 99.) On October 27, 2023, Plaintiffs filed a notice of appeal of the court's September 27, 2023, final judgment (Dkt. 91). (Dkt. 100.)

## APPLICABLE STANDARDS

Generally, the filing of a notice of appeal divests a district court of jurisdiction on any matter involved in the appeal. *In Green Leaf Nursery v. E.I. DuPont de Nemours & Co.*, 341 F.3d 1292, 1309 (11th Cir. 2003). However, the district court may retain jurisdiction to consider motions on matters that are collateral to the matters on appeal. *Mahone v. Ray*, 326 F.3d 1176, 1179 (11th Cir. 2003). Specifically, the district court may entertain a motion for attorneys' fees after a notice of appeal has been filed in the underlying case. *Briggs v. Briggs*, 260 F. App'x 164, 165 (11th Cir. 2007) (citing *Rothenberg v. Sec. Mgmt. Co.*, 677 F.2d 64, 65 (11th Cir. 1982)).

Alternatively, the court has discretion to deny a motion for attorneys' fees without prejudice with leave to re-file after the appeal has concluded. *See* Fed. R. Civ. P. 54(d) advisory committee's note to 1993 amendment (providing that "[i]f an appeal on the merits of the case is taken, the court may rule on the claim for fees, may defer its ruling on the motion, or may deny the motion without prejudice, directing under subdivision (d)(2)(B) a new period for filing after the appeal has been resolved"); *see also Universal Physician Servs., LLC v. Del Zotto*, No. 8:16-cv-1274-T-36JSS, 2020 WL

886867, at *1 (M.D. Fla. Feb. 24, 2020); *Short v. Immokalee Water & Sewage Dist.*, No. 2:18-cv-124-FtM-38CM, 2019 WL 8370780, at *1 (M.D. Fla. July 10, 2019) ("The district court may also deny a motion for attorneys' fees without prejudice with leave to refile after the appeal has concluded."); *The Indigo Room, Inc. v. City of Fort Myers*, No. 2:12-cv-39-FtM-38CM, 2014 WL 1174355, at *1 (M.D. Fla. Mar. 21, 2014) (denying motion for attorneys' fees without prejudice and with leave to re-file after entry of appellate court's mandate); *Southern-Owners Ins. Co. v. Wall 2 Walls Constr., LLC*, No. 8:12-cv-1922-T-33TBM, 2013 WL 6893254, at *1 (M.D. Fla. Dec. 31, 2013) (same).

## ANALYSIS

Upon consideration, rather than resolving Defendants' Motion (Dkt. 92) during the pendency of Plaintiffs' current appeal, the ends of justice are best served by denying the Motion without prejudice with leave to re-file after the conclusion of the appeal. *See, e.g.*, *Bowers v. Universal City Dev. Partners, Ltd.*, No. 6:03-cv-985-Orl-18JGG, 2005 WL 1243745, at *2 (M.D. Fla. May 19, 2005) (stating that "[i]f the district court were to resolve the fee and cost issue while an appeal remains pending, it would be asked to repeat the procedure following the appeal"); *Pinto v. Rambosk*, No: 2:19-cv-551-JLB-MRM, 2021 WL 4263404, at *2 (M.D. Fla. Sept. 20, 2021) ("Notably, courts routinely defer ruling on motions for attorney's fees and costs pending appeal in the interest of judicial economy.") (collecting cases). Given the procedural posture of the case, immediate resolution of the Defendants' Motion is unwarranted. *See Hess v. Coca-Cola*

*Refreshments USA, Inc.*, No. 8:13-cv-3136-T-33EAJ, 2016 WL 99567, at *1 (M.D. Fla. Jan 8, 2016) ("Immediate resolution of the collateral issues of taxable costs and attorneys' fees and costs is unlikely to assist the Court of Appeals, and attorneys' fees and costs are often resolved in appellate mediation."); *U.S. ex rel. Ragghianti Founds. III, LLC v. Peter R. Brown Constr., Inc.*, No. 8:12-cv-942-T-33MAP, 2014 WL 5307490, at *1 (M.D. Fla. Oct. 16, 2014) ("Resolving [Defendant's] Motion and Proposed Bill of Costs while the present appeal remains pending would require the Court to engage in piecemeal adjudication of costs, as the Court would be asked to repeat the procedure following the appeal."); *Mock v. Bell Helicopter Textron, Inc.*, No. 6:04-cv-1415, 2010 WL 5209307, at *1–2 (M.D. Fla. Oct. 8, 2010) ("Determination of that appeal, regardless of its outcome, will greatly affect consideration of the fee motion and provide guidance as to whether prior analysis is appropriate.  Thus, any time spent analyzing the fee request at this juncture would likely be wasted."), *report and recommendation adopted*, 2010 WL 5209304 (M.D. Fla. Dec. 16, 2010); *Quigley v. Gov't Emps. Ins. Co.*, No. 8:03-cv-1349-T-26EAJ, 2008 WL 384561, at *1 (M.D. Fla. Feb 11, 2008) (denying motion for appellate fees and award of attorneys' fees and costs without prejudice while appeal remained pending).

Here, the interests of justice, efficiency, and judicial economy are best served by denying Defendants' Motion without prejudice and resolving all attorneys' fees issues following the conclusion of the appeal. *See, e.g.*, *United States ex rel. GLF Constr. Corp. v. FEDCON Joint Venture*, No. 8:17-cv-1932-CEH-AAS, 2021 WL 1186839, at *2 (M.D. Fla. Mar. 30, 2021) ("Courts have cited concerns such as having to repeat the

attorney's fees and costs procedure following appeal, the desire to avoid piecemeal adjudication, that resolution is unlikely to assist the Eleventh Circuit, and that attorney's fees and costs issues are often resolved during appellate mediation."), *reconsideration denied*, 2021 WL 2109074 (M.D. Fla. May 25, 2021); *Short*, 2019 WL 8370780, at *1 ("Because Short's appeal is pending, the Court denies the motions for attorney's fees."). *See, e.g.*, United States ex rel. GLF Constr. Corp. v. FEDCON Joint Venture, No. 8:17-cv-1932-CEH-AAS, 2021 WL 1186839, at *2 (M.D. Fla. Mar. 30, 2021) ("Courts have cited concerns such as having to repeat the attorney's fees and costs procedure following appeal, the desire to avoid piecemeal adjudication, that resolution is unlikely to assist the Eleventh Circuit, and that attorney's fees and costs issues are often resolved during appellate mediation."), *reconsideration denied*, 2021 WL 2109074 (M.D. Fla. May 25, 2021); *Short*, 2019 WL 8370780, at *1 ("Because Short's appeal is pending, the Court denies the motions for attorney's fees.").

Accordingly, it is **RECOMMENDED** that the Defendants' Order of Entitlement (Dkt. 92) be **DENIED without prejudice** and with leave to re-file the motion within 30 days of the entry of a mandate by the Eleventh Circuit Court of Appeals on Plaintiffs' pending appeal.

**IT IS SO REPORTED** in Tampa, Florida, on November 2, 2023.

JULIE S. SNEED
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

A party has 14 days after being served with a copy of this Report and Recommendation to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.

Copies furnished to:
The Honorable Charlene Edwards Honeywell
Counsel of Record